## MEDINA VALLEY IRR. CO. v. ESPINO.

(Circuit Court of Appeals, Fifth Circuit. April 7, 1914. Rehearing Denied May 18, 1914.)

No. 2487.

1. MASTER AND SERVANT (§§ 205, 217*)—LIABILITY FOR INJURIES—RELIANCE ON MASTER.

An employé is not obliged to examine into his employer's methods of transacting business, and, in the absence of notice to the contrary, may assume that reasonable care will be used in furnishing appliances necessary to carry on the business.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 547–549, 574–600; Dec. Dig. §§ 205, 217.*]

2. MASTER AND SERVANT (§ 107*)—LIABILITY FOR INJURIES—PLACE RENDERED UNSAFE BY WORK.

A master is not liable for injuries resulting from a place becoming unsafe through the negligence of the workmen in the manner of carrying on the work, where he has discharged his primary duty of providing a reasonably safe place.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*]

3. MASTER AND SERVANT (§§ 101, 102*)—LIABILITY FOR INJURIES—DUTY TO FURNISH SAFE PLACE.

The duty of providing a reasonably safe place to work is a continuing one, discharged only when the master furnishes and maintains a place of that character.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

4. MASTER AND SERVANT (§§ 101, 102*)—LIABILITY FOR INJURIES—DUTY TO FURNISH SAFE PLACE.

Where workmen are engaged in a business more or less hazardous, it is the master's duty to exercise reasonable care not to expose them to danger from an unsafe place, where the place may be made safe by due skill and care.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

5. MASTER AND SERVANT (§ 219*)—LIABILITY FOR INJURIES—ASSUMPTION OF RISK.

A servant, entering into and continuing in a hazardous employment, assumes the risks of the service and those apparent to ordinary observation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219*]

6. MASTER AND SERVANT (§ 226*)—LIABILITY FOR INJURIES—ASSUMPTION OF RISK.

A servant does not assume the risk of negligence of the master in performing his duty of providing a safe place.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. § 226.*]

7. MASTER AND SERVANT (§ 217*)—LIABILITY FOR INJURIES—ASSUMPTION OF RISK.

An employé who enters into the employment or continues therein with knowledge of the methods employed in the business, and the manner of inspection, and with knowledge that such inspection is inadequate, as-

sumes the risk of dangers arising from such methods of business, and such inadequate manner of inspection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

8. MASTER AND SERVANT (§ 217*) — LIABILITY FOR INJURIES — ASSUMPTION OF RISK.

Where an employé, engaged in drilling holes for blasting purposes, and injured when his drill struck an unexploded charge in another hole, or so close thereto as to explode it, had been engaged in mining for seven years, and in his employer's service for almost a year, knew that shots were liable not to be exploded, was present when the so-called inspection of the ground where he was ordered to drill was made, knew that it was the only kind of inspection ever made, and that it was inadequate to discover unexploded holes, and knew that unexploded holes were dangerous and would be set off by drilling in or near them, he assumed the risk of injury from the employer's failure to make a proper inspection to discover the unexploded holes.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

Shelby, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Texas; Thos. S. Maxey, Judge.

Action by Hermerejildo Espino against the Medina Valley Irrigation Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Claude V. Birkhead, John H. Cunningham, and Wm. Aubrey, all of San Antonio, Tex., for plaintiff in error.

Thos. O. Murphy, of San Antonio, Tex., for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and CALL, District Judge.

CALL, District Judge. Defendant in error, plaintiff below, sued the plaintiff in error, defendant below, alleging, among other things, that he was employed by defendant below to drill holes for blasting purposes; that he was ordered to drill a slanting hole at a spot in an excavation that was being made for a dam; that the slat of the hole was pointed out by defendant below, and was in the direction of a hole that had been previously drilled and charged by defendant below, and that, while drilling said hole as directed, his drill struck the charge of said explosive in such other hole, or his drill struck so close to the said hole that the charge was exploded and he was injured. He also alleges that on the day previous a number of holes had been drilled and charged, among them the particular hole in which the charge was exploded and injured plaintiff below; that the work was dangerous on account of the blasting that was being done daily in the excavation on account of the fact that charges of explosives frequently failed to explode, and were liable to explode afterward if a hole was drilled near them; that it was the duty of defendant below to carefully inspect the ground where it had been drilled before ordering plaintiff below to drill near the same, and that had it done so, it would

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have discovered the unexploded charge; that it knew, or ought to have known, that drilling near the unexploded charge, as he was directed to do, would explode the same. And charges that the defendant below was negligent in failing to properly inspect the ground where it ordered him to drill, in ordering him to drill the hole slanting so that it would strike or go so near to the hole as to explode the unexploded charge, and not furnishing plaintiff below with a safe place in which to work. All of which was the proximate and direct cause of the injuries. The defendant below answered by a general denial and specially set up its business of building dams, etc., and in pursuance of its said business it was necessary to excavate earth and quarry rock and remove the same; that this was done by blasting and in process of construction and the place of work was constantly changing, and was work of a dangerous nature; that such dangers were open and obvious and easily perceived, and were well known to said plaintiff below, and that he assumed the risk; also that the injury occurred through the negligence of the fellow servants of plaintiff below in not properly charging the holes and in selecting the points at which to drill. On these issues the case was submitted to a jury, and a verdict rendered for plaintiff below, and judgment accordingly.

The plaintiff in error assigns as error in its first six assignments the refusal of the court to charge the jury peremptorily to find for the defendant.

The seventh assignment of error was abandoned, leaving 32 other errors assigned on refusals of the court to give certain charges asked, and excepting to language used in the court's general charge, and other matters that need not be set out in detail here.

We have examined the assignments of error from No. 8 to No. 39, inclusive, and find no reversible error, and therefore confine our consideration to the first six assignments of error, and these six may properly be said to be one assignment, with six reasons why the case should be reversed, on the first assignment, which was the refusal of the court to give a peremptory instruction to the jury to find for the defendant below.

Before discussing the question "whether the plaintiff below assumed the risk of the danger of the place of his employment," it might be well to formulate the law, as we understand it, governing the decision of the question.

In the case of Gardner v. Michigan Central Railroad Co., 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107, it is laid down as the rule governing, before the court is justified in charging peremptorily in a case of negligence, as follows:

"The question of negligence [in such a case] is one of law for the court only when the facts are such that all reasonable men must draw the same conclusion from them, or, in other words, a case should not be withdrawn from the jury unless the conclusion follows as matter of law that no recovery can be had upon any view which can be properly taken of the facts the evidence tends to establish."

And we assume the same rule would apply in a case of "assumption of risk."

[1] The employé is not obliged to examine into employer's methods of transacting business, and he may assume, in the *absence of notice to the contrary,* that reasonable care will be used in furnishing appliances necessary to carrying on the business.

[2, 3] But while this duty is imposed on the master, and he cannot delegate it to another and escape liability on his part, nevertheless the master is not held responsible for injuries resulting from the place becoming unsafe, through the negligence of the workmen in the manner of carrying on the work, where the master has discharged his primary duty of providing a reasonably safe place for his employés to carry on the work; nor is he obliged to keep the place safe at every moment, so far as such safety depends on the due performance of the work by the servant and his fellow workmen. This duty of providing a reasonably safe place to carry on the work is a continuing one, and is discharged only when a master furnishes and maintains a place of that character. In fact it is continuing and must be exercised whenever circumstances demand it.

[4, 5] And where workmen are engaged in a business more or less dangerous, it is the duty of the master to exercise reasonable care for the safety of all his employés, and not to expose them to the danger of being injured by the use of an unsafe place to work, where it is only a matter of using due skill and care to make the place safe; that it is the rule of law that a servant, entering into an employment which is hazardous assumes the usual risks of the service, and those which are apparent to ordinary observation, and when he accepts employment and continues in the service with the knowledge of the dangers of the place which injuries may be apprehended, he also assumes those dangers of which he has knowledge or that are apparent, i. e., open to observation. Kreigh v. Westinghouse & Co., 214 U. S. 255, 29 Sup. Ct. 619, 53 L. Ed. 984, and cases cited.

[6, 7] A servant does not assume the risk of the negligence of the master in performing his duty of providing a safe place; but if he enters into the employment, or continues therein, with the knowledge of the methods employed in the business and the manner of inspection, and further knows that such inspection is inadequate, then he does assume the risk of the dangers arising from said methods of business and inadequate manner of inspection.

[8] In this case the only question is whether the servant knew of the method of inspection, and was aware of the dangers to be apprehended from the imperfect inspection, and with this knowledge continued in the employment of the company and was injured from one of those dangers incident to this imperfect inspection. The proofs in this case without contradiction show: That the servant was a man of 26 years of age, had been engaged in the service of mining for 7 years, had been employed for almost a year in this service by the plaintiff in error in this case, knew that the shots were liable not to be exploded, was present at the time of the so-called inspection, saw what was going on, and that this kind of inspection was the only kind that had ever been used in this particular work, and from the dirt and débris left on the ground that the inspection was inadequate to

discover unexploded holes, and that any unexploded holes were sources of danger to the drillers. That said unexploded holes would be set off by the concussion of drilling in or near them. He thereupon entered upon the discharge of the duties, and, while performing them, was injured. That the pit in which these parties worked was about 6 feet one way, by 10 feet the other.

Under this state of facts, will the servant be adjudged to have assumed the risks of the danger incident to his employment in this pit from unexploded holes? and, these facts being undisputed in the testimony, must be the guide for the decision of this question in this case. It seems to us that the statement of the question necessarily answers itself. Here was a man skilled evidently, having had seven years' experience, at least, in this paritcular kind of work, knew the dangers of some of the shots not being exploded, observing the method of inspection on the particular day, and, knowing that that inspection was not such as would discover the unexploded shots, knew that that inspection was the usual inspection made by the master in this case, and with all this knowledge goes into the pit and proceeds to labor and is injured. It seems to us that there can be but one answer to the question, and that is that he did assume the risk, and is not entitled to recover in this case, and that the court should have given the peremptory instruction asked.

We have examined the authorities referred to by the defendant in error, and we think the statement of the principles of the law which govern in this matter, and above stated, are properly and reasonably deducible from those authorities; all recognize the principle in the assumption of risk; that the servant assumes the risks or dangers of which he has knowledge, and if he is injured by reason of the same, he cannot recover.

It is well settled, as above noted, that the servant does not assume the risk of the master's negligence, but this rule is qualified by the further rule that if the servant knows that the place is dangerous through negligent inspection of the master or otherwise, then he assumes those dangers of which he knows. He cannot shut his eyes to the facts known to him, and say, "I rely upon the rule of law that requires my master to furnish me a safe place." He knows the place is not safe; he knows the inspection made by the master is such that the dangers of the place are not lessened; stands by and sees the abortive inspection; has worked for the same people under the same circumstances, and takes all the chances with all this knowledge, and yet claims he has assumed none of the risks of the dangers surrounding him. This, we think, he cannot do.

The judgment of the District Court is reversed, and the cause is remanded, with instructions to award a new trial, and thereafter proceed in accordance with the views herein expressed.

SHELBY, Circuit Judge, dissents.